UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Curtis Lyons, | ) | C/A No.: 4:08-3616-JFA |
|             Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Micheal J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
|             Defendant. | ) | |

This matter is before the court upon motion of the plaintiff's counsel, Paul McChesney, for attorney's fees pursuant to the Equal Access to Justice Act, (EAJA) 28 U.S.C. § 2412(d). The plaintiff seeks attorney's fees at the rate of $173.88 per hour for a total of 38.55 hours of legal services by four different individuals for a total amount of $6,676.09.

The Commissioner has responded in opposition to the motion for attorney fees. While Commissioner does not concede that his position was not substantially justified, the Commissioner does not object to an award of attorney's fees. The Commissioner does request that the court award a reduced amount. Specifically, the Commissioner argues that plaintiff's request should be reduced because one of the attorneys, Denise Sarnoff, was not actively licensed to practice law in any jurisdiction and should be paid at the paralegal rate of $90 an hour. Additionally, Commissioner argues that the plaintiff's request should be reduced because more than one lawyer performed the same task.

Upon review of the material submitted to the court, the court agrees with the government's position. Accordingly, the amount of time expended by plaintiff's counsel, 38.55 hours, shall be reduced. The plaintiff is hereby awarded fees in the amount of $4,892.21, representing 20.35 hours of attorney work at the rate of $173.88 an hour and 15.2 hours of paralegal work at the rate of $90 an hour.

For the foregoing reasons, the court awards attorney's fees under the EAJA of $4,892.21. The Commissioner shall remit a check for this amount to the plaintiff in this action.[1]

Payment of the fees and expenses noted herein shall constitute a complete release from and bar to any and all claims plaintiff may have relating to EAJA fees in connection with this action.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

December 6, 2011                              Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge

---

[1] The fees must be paid to plaintiff. *See Astrue v. Ratliff*, 130 S. Ct. 2521 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir.2009) (same).